# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM A. HIMCHAK, III,

        Plaintiff,

    v.

DANIEL DYE, et al.,

        Defendants.

CIVIL ACTION NO. 1:14-CV-02394

(KANE, J.)
(MEHALCHICK, M.J.)

## REPORT AND RECOMMENDATION

Presently before the Court is *pro se* Plaintiff William A. Himchak's amended complaint seeking damages and injunctive relief under 42 U.S.C. §1983 against Judges Douglas Herman, Angela Krom, and Judge Carol Van Horn; District Attorney Matthew Fogal, Assistant District Attorney Zachary Mills, Managing Attorney at the Law Offices of Women in Need Meghann O'Reilly Karasic, Attorney Steve Rice of Steve Rice Law, Attorney David R. Erhard, Police Chief David Arnold, and Sargent Matthew Cody. The Defendant Judges have filed a motion to dismiss Himchak's amended complaint.[1] (Doc. 18). In addition, while Defendants' motion to dismiss has been pending, Himchak has filed a number of motions, including a motion entitled "Emergency Motion Injunctive Relief" (Doc. 24), a motion seeking a writ of mandamus (Doc. 27), and a motion demanding a hearing on the motion for writ of mandamus. (Doc. 29). For the reasons provided herein, it is respectfully recommended that the motion to dismiss (Doc. 18), be granted and the amended complaint be dismissed. It is further recommended that

---

[1] Specifically, the motion to dismiss has been filed on behalf of Judges Douglas Herman, Angela Krom, Larry G. Pentz, David L. Plum, Carol Van Horn, and Todd R. Williams. However, a number of these Defendants; namely, Judges Larry G. Pentz, David L. Plum, and Todd R. Williams, have been omitted from the amended complaint, and thus should be terminated from the instant action, as further addressed in the Discussion Section of this Report and Recommendation.

Himchak's motions for injunctive and mandamus relief be denied. (*See* Doc. 24; Doc. 27; Doc. 29).

## I.   BACKGROUND

On December 10, 2014, Plaintiff William A. Himchak, proceeding *pro se*, filed the instant civil rights action (Doc. 1), along with an application to proceed *in forma pauperis* in the United States District Court for the Eastern District of Pennsylvania. On December 16, 2014, the Court granted Himchak's motion to proceed *in forma pauperis* and transferred the complaint to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). (Doc. 2).  In his original complaint, Himchak set forth various federal claims and supplemental state law claims against Deputy Attorney General Daniel Dye, the Pennsylvania State Police, including Lieutenants Craig Bowman and Robert Johnson; the Franklin County Court of Common Pleas, including Judges Douglas Herman, Angela Krom, Carol Van Horn, Todd R. Williams, David L. Plum, and Larry G. Pentz;  Chief Public Defender Michael Toms,  former Public Defenders Scott Thomas and Todd Sponseller; District Attorney Matthew D. Fogal, Assistant District Attorney Zachary I. Mills, and the Public Opinion Newspaper. (Doc. 1).

Months after filing the initial complaint, but prior to the Court conducting its statutorily-mandated screening review, Plaintiff filed a number of unintelligible documents, which appeared to supplement the original complaint received by this Court on December 16, 2014. (*See* Doc. 5; Doc. 6; Doc. 7; Doc. 9). In light of these filings, the Court directed Plaintiff to file a complete amended complaint in accordance with Rule 8(d)(1) of the Federal Rules of Civil Procedure. (Doc. 8). On September 18, 2015, Himchak filed a prolix amended complaint, totaling ninety-seven (97) pages, which was replete with unrelated, vituperative, and vague

charges against a multitude of individuals, entities, and government agencies that appeared to have some involvement or connection with his underlying criminal proceedings in the Court of Common Pleas of  Franklin County. (Doc. 15). On October 8, 2015, the Court dismissed Himchak's amended complaint, but afforded him a final opportunity to file a single, unified, legible complaint setting forth factual allegations and legal claims in a manner that could be reviewed by the Court and, if necessary, answered by the Defendants. (Doc. 16).

On November 13, 2015, Himchak filed a four-page amended complaint. (Doc. 17). In his amended complaint, Himchak identifies the following Defendants: Judges Douglas Herman, Angela Krom, and Carol Van Horn; District Attorney Matthew Fogal, Assistant District Attorney Zachary Mills, Managing Attorney at the Law Offices of Women in Need Meghan O'Reilly Karasic, Attorney Steve Rice of Steve Rice Law, Attorney David R. Erhard, Police Chief David Arnold, and Sargent Matthew Cody. It appears that Himchak asserts a violation of the Universal Declaration of Human Rights, a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1957, and a cause of action under 42 U.S.C. § 1983 for violations of his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, arising  out of underlying criminal and civil proceedings currently pending in the Franklin County Court of Common Pleas.

The Defendant Judges filed a motion to dismiss the amended complaint on November 23, 2015, together with a supporting brief, arguing that dismissal is appropriate here because the amended complaint as lodged runs afoul of Rule 8 of the Federal Rules of Civil Procedure, fails to state a civil rights conspiracy claim, contains claims against Defendants who are entitled to Eleventh Amendment immunity and absolute judicial immunity, and asserts claims against entities that are not considered "persons" under  42 U.S.C. § 1983.  (Doc. 18; Doc. 19). On

3

January 25, 2016, Himchak filed a brief in opposition to Defendants' motion to dismiss, which largely expounds on the claims set forth in the amended complaint. (Doc. 25). No reply brief has been filed and thus, this matter is now ripe for disposition.[2]

## II.   STANDARD OF REVIEW

### A.   RULE 12(B)(6) STANDARD FOR DISMISSALS FOR FAILURE TO STATE A CLAIM

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.

---

[2] Moreover, pursuant to its statutory obligation under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2), the Court must screen the amended complaint and dismiss it if it fails to state a claim upon which relief can be granted.

1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). A plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court of the United States held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).[3]

A document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The

---

[3] In addition to the complaint, the Court has considered the judicial opinions and orders entered in the state proceedings challenged by Himchak in this action, *see Himchak v. Commonwealth,* CP-28-CR-0001792-2014 (Franklin Cnty. C.C.P.)*; Himchak v. Commonwealth*, CP-28-CR-0000095-2015 (Franklin Cnty. C.C.P.); *T.A.H. V. W.A.H., III*, No. 663 MDA 2015 (Pa. Super. Ct.), of which the Court may properly take judicial notice in ruling on a motion to dismiss. *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### B. *Sua Sponte* Dismissal Standard [4]

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 F. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1). *See generally Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). "The [C]ourt's obligation to dismiss a complaint under [these] screening provisions is not excused even after defendants have filed a motion to dismiss." *Id.* at 589. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588.

---

[4] Defendants argue that Plaintiff has failed to serve any of his pleadings upon the moving Defendants in violation of the Federal Rules of Civil Procedure, thereby depriving this Court of *in personam* jurisdiction over them. This proposition misstates the law insofar as it fails to recognize that Himchak is currently a pretrial detainee proceeding *in forma pauperis*, and therefore, must rely upon the Court to issue a service order and the U.S. Marshal Service to effect proper service of the complaint in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2).

## III.  DISCUSSION

As an initial observation, the Court notes that the amended complaint presents an unclear set of facts and legal arguments, consisting of disjointed references to a number of underlying state criminal and civil proceedings. Indeed, Himchak "confusingly jump[s] from one statement to the next without making clear how the various events referenced [are] related to any conduct of the named defendants or relevant to h[is] undeveloped claims." *Hoffman v. Lincoln Gen. Ins.*, 303 F. App'x 77, 78 (3d Cir. 2008). However, from what can be gleaned from his amended complaint, it appears Himchak contests two underlying criminal actions presently pending in the Court of Common Pleas of Franklin County: a 2014 case where he has been charged with harassment, simple assault, and resisting arrest, *Himchak v. Commonwealth*, CP-28-CR-0001792-2014 (Franklin Cnty. C.C.P.); and a 2015 case where he faces felony wiretapping charges, *Himchak v. Commonwealth*, CP-28-CR-0000095-2015 (Franklin Cnty. C.C.P.). Both actions have been stayed, as Himchak has been deemed incompetent to stand trial after having undergone a mental health evaluation at his defense attorney's request and over his own objections. Himchak also challenges the litigation arising out of the entry of a protection from abuse order prohibiting him from contacting his wife, Tracy Himchak, for a period of three years, *see T.A.H. V. W.A.H., III*, No. 663 MDA 2015 (Pa. Super. Ct.) (addressing Himchak's appeal from a final protection from abuse order), as well as an action to quiet title with respect to the tax sale of his property, which he has deemed to be the result of a grand conspiracy to commit "deed forgery and deed fraud." (Doc. 17).

### A.  EFFECT OF FILING AN AMENDED COMPLAINT

As a matter of law, an amended complaint takes the place of any previously filed complaints, effectively invalidating them, unless the amended complaint specifically refers to or

adopts the earlier pleading. *Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.)*, 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect."); *see* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended . . . supersedes the pleading it modifies. . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). As described above, on October 8, 2015, the Court dismissed Himchak's amended complaint without prejudice to him refiling a final amended complaint and further advised Himchak that an amended complaint "must be a pleading that stands by itself without reference to the original complaint . . . [and] must establish the existence of actions taken by the Defendants which have resulted in constitutional deprivations." (Doc. 16). In accordance with that Order, Himchak filed an amended complaint on November 13, 2015.  While previous iterations of Himchak's complaint included claims against Daniel Dye, Craig Bowman, Robert Johnson, Michael Toms, Scott Thomas, Todd Sponseller, Todd R. Williams, David L. Plum, Larry G. Pentz, Gerard N. Mangieri, Mallary Willatt, the Public Opinion Newspaper, the Franklin County Court of Common Pleas, and the Pennsylvania State Police, it appears that Himchak has voluntarily forgone these claims against these Defendants, as they neither appear in the caption of the recently filed amended complaint, nor are referenced in the body of the amended complaint. Further, Himchak's comprehensive amended complaint does not specifically reference or adopt any previously filed complaints. Accordingly,  Daniel Dye, Craig Bowman, Robert Johnson, Michael Toms, Scott Thomas, Todd Sponseller, Todd R. Williams, David L. Plum, Larry G. Pentz, Gerard N. Mangieri, Mallary Willatt, the Public Opinion Newspaper,

the Franklin County Court of Common Pleas, and the Pennsylvania State Police should be terminated from this action, as they have been effectively omitted from the amended complaint.

B. No Direct Cause of Action Exists for Alleged Violations of the Universal Declaration of Human Rights

Himchak maintains that Judges Douglas Herman, Angela Krom and Carol Van Horn, and Meghann O'Reilly Karasic, Managing Attorney at the Law Offices of Women in Need, violated his human rights under the Universal Declaration of Human Rights. However, this "argument lacks merit because the Universal Declaration of Human Rights is a non-binding declaration that provides no private rights of action." *United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir. 2009) (citing *Sosa v. Alvarez–Machain,* 542 U.S. 692, 734 (2004) (clarifying that the Universal Declaration of Human Rights is merely a resolution of the United Nations and "does not of its own force impose obligations as a matter of international law")). Thus, the Universal Declaration of Human Rights cannot support Himchak's claims.

C. There is No Private Right of Action Under 18 U.S.C. § 1957

The amended complaint references a violation of the federal RICO Act, 18 U.S.C. § 1957. (Doc. 17). 18 U.S.C. § 1957 is a criminal statute that imposes liability on any entity who "knowingly engages or attempts to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity." 18 U.S.C. § 1957. Generally, "in the criminal context, the Supreme Court has refused to imply a private right of action in 'a bare criminal statute.'" *Prunte v. Universal Music Grp.,* 484 F. Supp. 2d 32, 42 (D.D.C. 2007) (quoting *Cort v. Ash,* 422 U.S. 66, 79–80 (1975)). Indeed, this criminal statute upon which Himchak relies does not create a private right of action. *See Thompson v. Kramer,* No. 93–2290, 1994 WL 725953, at *15 (E.D. Pa. Dec. 29, 1994) (concluding that 18 U.S.C. § 1957 "provide[s] by [its] plain language for criminal penalties but not for private

causes of action"); *Lucas–Cooper v. Palmetto GBA,* No. 1:05–cv–00959, 2006 WL 2583407, at *10 (N.D. Ohio Sept. 7, 2006) (noting that 18 U.S.C. § 1957 is a criminal statute "which grant[s] no explicit private right of action"); *Schwartz v. F.S. & O. Assocs., Inc.,* No. 90–1606, 1991 WL 208056, at *2–3 (S.D.N.Y. Sept. 27, 1991) (finding that 18 U.S.C. § 1957 does not create a private right of action). Accordingly, Himchak's claims brought under 18 U.S.C. § 1957 must be dismissed.

D.   Failure to State a Cause of Action Under 42 U.S.C. § 1983

Himchak asserts a cause of action pursuant to 42 U.S.C. § 1983. Section 1983 provides a private cause of action with respect to violations of federal constitutional rights. The statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985). To state a claim under § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

**1.   Attorneys David R. Erhard, Steve Rice & Meghann O'Reily Karasic are not state actors.**

Himchak's claims against David R. Erhard and Steve Rice (Himchak's court appointed attorneys in his criminal proceedings), and Meghann O'Reilly Karasic (Tracy Himchak's

attorney retained to file a protection from abuse petition on her behalf), must fail for lack of state action. As previously mentioned, a plaintiff must prove two distinct elements to prevail in a § 1983 action: (1) a violation of a right secured by the Constitution and laws of the United States (2) that was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Section 1983 only protects against constitutional violations by the state, not against wrongs committed by private actors. It is well established that "[p]rivate attorneys, including public defenders, acting on behalf of their clients are not state actors, and therefore, cannot be held liable under § 1983." *Coudriet v. Vardaro*, 545 F. App'x 99, 103 (3d Cir. 2013) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 318 (1981) (holding that a court-appointed defense attorney is not a state actor for purposes of a § 1983 action simply "by virtue of being an officer of the court . . .")). Specifically, an attorney does not act under color of state law when performing traditional functions as counsel in a criminal or civil proceeding. *Polk Cnty.*, 454 U.S. at 325. As further described by the Third Circuit:

> [a]lthough states license lawyers to practice, and although lawyers are deemed "officers of the court," this is an insufficient basis for concluding that lawyers act under color of state law for the purposes of 42 U.S.C. § 1983. Liability under 42 U.S.C. § 1983 cannot be predicated solely on the state's licensing of attorneys. Participation in a highly regulated profession does not convert a lawyer's every action into an act of the State or an act under color of state law.

*Henderson v. Fisher,* 631 F.2d 1115, 1119 (3d Cir.1980) (per curiam) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 355 (1974)).

Because these Defendants cannot be treated as state actors for purposes of § 1983 merely by virtue of their positions as officers of the court, Himchak must instead present sufficient allegations that these individuals engaged in "joint activity" with those Defendants who are, in fact, state actors to satisfy the state action requirement under § 1983. *Lugar v. Edmondson Oil Co.*,

457 U.S. 922, 923 (1982).[5] Here, Himchak attempts to overcome this substantive hurdle by arguing that these Defendants conspired with the Defendant Judges and Defendant District Attorneys, to deprive Himchak of his constitutionally protected civil rights. *Tower v. Glover*, 467 U.S. 914, 916 (1984).

   "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co.,* 615 F.3d 159, 178. This requires that a plaintiff "set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." *Shearin v. E.F. Hutton Grp., Inc.,* 885 F.2d 1162, 1166 (3d Cir. 1989), *abrogated on other grounds by Beck v. Prupis,* 529 U.S. 494 (2000). "A conspiracy is not parallel conduct by different parties; it must embody, at its heart, 'an agreement between the defendants and state officials—a 'meeting of the minds'—to violate the plaintiff's rights.'" *Mikhail v. Kahn*, 991 F. Supp. 2d at 645 (quoting *Chambers v. Phila. Media Network,* No. 11–6589, 2013 WL 4857995, at *3 (E.D. Pa. Sept. 12, 2013); *Zenquis v. City of Phila.,* 861 F. Supp. 2d 522, 528–29 (E.D. Pa. 2012)). "A conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions." *Capogrosso v. The Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009) (quoting *Crabtree v. Muchmore,* 904 F.2d 1475, 1481 (10th Cir. 1990)).

---

   [5] The other two inquiries relevant to this determination are: "'whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state' and 'whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.'" *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 643 (E.D. Pa.) *aff'd,* 572 F. App'x 68 (3d Cir. 2014) (quoting *Kach v. Hose,* 589 F.3d 626, 646 (3d Cir.  2009)).Neither is applicable here.

While a private individual may be liable under § 1983 if his or her conduct is so closely related to governmental conduct that it can be fairly viewed as conduct of the state itself, here, Himchak's bare, conclusory allegations of a conspiracy between these Defendants to violate his civil rights do not transform private conduct into state action. Indeed, "all allegations in the complaint and all reasonable inferences drawn therefrom fail to state a conspiracy claim," as Himchak does not offer any specific factual content from which the Court could infer a meeting of the minds necessary to deem any of these private parties state actors. *Calhoun v. Young*, 288 F. App'x 47, 50 (3d Cir. 2008) (citing *Young v. Kann,* 926 F.2d 1396, 1405 n.16 (3d Cir. 1991)); *Mincy v. Klem,* 1:08–CV–0066, 2009 WL 331432, at *5 (M.D. Pa. Feb. 9, 2009) ("A plaintiff cannot rely on subjective suspicions and unsupported speculation" in alleging a conspiracy); *Albrecht v. Hamilton,* 233 F. App'x. 122, 124–25 (3d Cir. 2007) (per curiam) ("Albrecht, however, fails to plead even 'basic facts' in support of his allegation that the prosecutor worked 'in collusion' with the defendants . . . nor does he allege any facts from which we can infer that the prosecution shared the defendants' motivation to deprive him of his constitutional rights. Rather, the complaint contains only a general averment of conspiracy amounting to nothing more than a conclusion of law."). Because Himchak cannot overcome the threshold for bringing a § 1983 action against these attorneys, this Court recommends dismissal of all claims against David R. Erhard, Steve Rice, and Meghann O'Reilly Karasic.

## 2. Fourth Amendment false arrest and malicious prosecution claims against Sargent Matthew Cody must be dismissed for failure to state a claim.

Himchak evokes a litany of constitutional protections under the First, Fourth, Eighth, and Fourteenth Amendments that he argues Sargent Matthew Cody purportedly deprived him of in obtaining an arrest warrant and charging Himchak with felony wiretapping. However, liberally construed, the amended complaint contains only factual averments that are relevant to

a Fourth Amendment analysis. *See Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013). Therefore, the Court will consider only whether Himchak properly pleads claims of malicious prosecution and false arrest under the Fourth Amendment against Sargent Matthew Cody.

With respect to Himchak's challenge to his arrest, an arrest made without probable cause is a constitutional violation that may be redressed under § 1983. In order to make out a false arrest claim, a plaintiff must demonstrate: (1) that there was an arrest; and (2) that the arrest was made in the absence of probable cause. *Dowling v. City of Phila.,* 855 F.2d 136, 141 (3d Cir. 1988). Probable cause does not "require the same type of specific evidence of each element of the offense as would be needed to support a conviction." *Adams v. Williams,* 407 U.S. 143, 149 (1972). Rather, probable cause exists when the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Johnson v. Campbell,* 332 F.3d 199, 211 (3d Cir. 2003) (quoting *Michigan v. DeFillippo,* 443 U.S. 31, 37 (1979)).  Where, as here, the arrest was made pursuant to a warrant, a plaintiff must plead facts demonstrating that (1) the officer "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;" and (2) that "such statements or omissions are material, or necessary, to the finding of probable cause." *Wilson v. Russo,* 212 F.3d 781, 786–87 (3d Cir. 2000) (internal quotation marks and citations omitted); *Mitchell v. Obenski,* 134 F. App'x 548, 551 (3d Cir. 2005) (noting that officers are entitled to a "presumption of reasonableness that can only be overcome by 'allegations of deliberate falsehood or of reckless disregard for the truth,' which must be accompanied by specific proof," in circumstances where a magisterial

district judge signs a warrant). Omissions are made with reckless disregard "if an officer withholds a fact in his ken that any reasonable person would have known that this was the kind of thing the judge would wish to know." *Wilson,* 212 F.3d at 788 (internal quotation marks and citations omitted). An officer is not required to "relate the entire history of events leading up to a warrant application with every potentially evocative detail." *Wilson*, 212 F.3d at 787. In determining the alleged materiality of an assertion or omission, the court must "excise the offending inaccuracies and insert the facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause." *Wilson,* 212 F.3d at 789.

In the matter *sub judice,* none of the arresting documents, including the application for the arrest warrant or the affidavit of probable cause in support of the warrant application, are before the Court. Thus, for purposes of resolving the pending motion to dismiss, the Court is limited to the description of the criminal investigation conducted by Defendant Sargent Matthew Cody germane to the issue of probable cause as alleged within the amended complaint. *Anderson v. Goga*, No. 2:11-CV-528, 2011 WL 4737569, at *5 (W.D. Pa. Oct. 5, 2011).

Himchak does not assert that the affidavit of probable cause, on its face, did not support a finding of probable cause. Rather, he contends that Sargent Matthew Cody never interviewed him  regarding the incident giving rise to the felony wiretapping charge prior to submitting the affidavit of probable cause, which, had it been conducted, would have revealed potentially exculpatory facts precluding the magisterial district judge's probable cause determination. (Doc. 17, at 2).  When considering these allegations in the light most favorable to Himchak, however, it is clear that the amended complaint contains insufficient facts to state a plausible claim that Sargent Matthew Cody acted with reckless disregard for the truth by failing to interview

Himchak, as Himchak does not disclose what facts would have been revealed during that interview that would have negated a probable cause determination. *See Basile v. Twp. of Smith*, 752 F. Supp. 2d 643, 657 (W.D. Pa. 2010) (dismissing a claim of false arrest pursuant to a warrant where plaintiffs only offered conclusory allegations without any specific supporting facts). Indeed, after disregarding the conclusory statements found in Himchak's amended complaint, as is dictated by *Iqbal*, all that remains is Himchak's bare assertion that Sargent Matthew Cody failed to make further inquiry into the wiretapping incident prior to pursuing charges against Himchak. However, the mere failure to interview a potential witness or suspect does not, alone, undercut a probable cause finding. *Meketa v. Kamoie*, 955 F. Supp. 2d 345, 359 (M.D. Pa. 2013) ("In the context of false arrest claims, at least one court within this Circuit has previously held that 'nowhere does the determination of probable cause require that the alleged perpetrator be interviewed by police.'") (quoting *Anderson*, 2011 WL 4737569, *6 ). Thus, as the remaining allegations fail to support a reasonable inference that Sargent Matthew Cody acted without probable cause, Himchak's Fourth Amendment false arrest claim must be dismissed.

Himchak also appears to assert a Fourth Amendment claim for malicious prosecution premised solely on an allegation that Sargent Matthew Cody deliberately and unreasonably delayed filing felony wiretapping charges against Himchak for a period of seventy six (76) days as a tactical strategy to prevent Himchak from somehow preventing the tax sale of his property. (Doc. 17, at 2). A malicious prosecution claim requires a showing "that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously . . . ; and (5) the plaintiff suffered deprivation of liberty . . . ." *Estate of Smith v. Marasco*, 318 F.3d 497, 521

(3d Cir. 2003). "An officer may . . . be considered to have initiated a criminal proceeding if he or she knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion." *Gatter v. Zappile*, 67 F. Supp. 2d 515, 521 (E.D. Pa. 1999) *aff'd*, 225 F.3d 648 (3d Cir. 2000). Here, there are no allegations whatsoever that Sargent Matthew Cody knowingly provided false information or interfered with the prosecutor's informed decision to carry out the charges against Himchak. Further, where, as here, a plaintiff brings a malicious prosecution claim based upon underlying criminal cases, the outcome of which have not yet been determined, the plaintiff's claim must be dismissed, as such a cause of action does not accrue until the underlying state criminal proceedings are terminated in the plaintiff's favor. *See Dutton-Myrie v. Corbett*, No. CIV. 3:CV-10-0354, 2010 WL 1541623, at *4 (M.D. Pa. Apr. 14, 2010).   For this reason alone, the malicious prosecution claim must also be dismissed.

Accordingly, it is respectfully recommended that the Fourth Amendment claims against Sargent Matthew Cody be dismissed for failure to state a claim upon which relief can be granted.

### 3. **Claims against Police Chief David Arnold must be dismissed for lack of personal involvement.**

Under § 1983, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode*, 845 F.2d at 1207. "A defendant . . . cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v.*

*McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

In the present matter, liability is predicated on allegations that Sargent Matthew Cody procured the arrest warrant and pursued felony wiretapping charges against Himchak without probable cause in violation of the Fourth Amendment. Thus, Himchak must identify conduct demonstrating that Police Chief David Arnold was personally involved through actual knowledge and acquiescence to the alleged unconstitutional conduct. Himchak fails to make this showing. Rather, his claims are couched in terms of liability based solely on this Defendant's supervisory status. Accordingly, it is respectfully recommended that Police Chief David Arnold be dismissed from this action for failure to set forth a claim for supervisory liability under § 1983.

E. IMMUNITIES

1. **Judges Douglas Herman, Angela Krom & Carol Van Horn are entitled to absolute judicial immunity from suit for monetary damages.**

Himchak asserts claims for money damages against Judges Douglas Herman, Angela Krom, and Carol Van Horn for actions taken in connection with his underlying criminal and civil proceedings in the Court of Common Pleas of Franklin County.

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). Judicial immunity may be overcome in only two circumstances. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (citations omitted). Judicial immunity extends only to judicial acts, not those acts that are administrative, executive, or legislative in nature. *Stump v. Sparkman,* 435 U.S. 349, 359 (1978). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at

12 (citations omitted). "Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles*, 502 U.S. at 12 (citation omitted).

To determine whether an act complained of is "judicial," the court utilizes a functional approach that examines "whether [the act] is a function normally performed by a judge" and "whether the[ ] [parties] dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. Specifically, the court looks "not to the motive or correctness of the judge's specific decisions but rather to the 'particular act's relation to a general function normally performed by a judge.'" *Rush v. Wiseman*, No. CIVA 09-4385, 2010 WL 1705299, at *8 (E.D. Pa. Apr. 27, 2010) (quoting *Gallas v. Supreme Court of Pa.,* 211 F.3d 760, 769 (3d Cir. 2000)). "Acts which are traditionally done by judges include issuing orders, resolving cases and controversies, making rulings, and sentencing criminal defendants. Other actions such as sending a fax, or hiring and firing subordinates, have been found to be administrative, rather than judicial, acts." *Wallace v. Powell*, No. CIV.A 3:09-CV-0291, 2009 WL 4051974, at *7 (M.D. Pa. Nov. 20, 2009). A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . .'" *Stump*, 435 U.S. at 356–57 (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). "This immunity applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Moreover, judicial immunity exists even where it is alleged that the judge is acting as part of a conspiracy. *Dennis v. Sparks,* 449 U.S. 24, 27 (1980).

To reiterate, the complaint presents an unclear set of facts and legal arguments. Nevertheless, even if this Court were to overlook this pleading's deficiencies, all of the allegations pertaining to Judges Douglas Herman[6], Angela Krom, and Carol Van Horn relate to actions taken by these Judges with respect to the disposition of Himchak's underlying criminal and civil proceedings and thus, do not fall within either of the exceptions to judicial immunity. Specifically, Himchak alleges that Judge Carol Van Horn "participat[ed] in vindictive prosecution" by requiring Himchak to undergo a mental health evaluation in his underlying criminal proceeding and by intentionally refusing to recuse herself. He further claims that Judges Carol Van Horn and Angela Krom violated his right to privacy by entering orders pertaining to the logistics and outcome of his mental health evaluation and recording those orders as docket entries on the docket sheets in his other underlying criminal and civil actions.[7] Himchak further challenges Judge Angela Krom's decision to conduct a hearing on the tax sale of his property while an appeal on this matter was pending before the Third Circuit, her demand that Himchak appear for court handcuffed and in his prison uniform, and her entry of

---

[6] As noted by the Defendants in their motion to dismiss, the amended complaint is devoid of factual allegations pertaining to Judge Douglas Herman.

[7] Himchak also maintains that Carol Van Horn and Angela Krom violated his right to privacy under the Health Insurance Portability and Accountability Act ("HIPAA") by releasing, in the form of docket entries on his publically available docket sheets, details regarding the court's order for psychological testing to be conducted in his underlying criminal actions. Himchak's challenge to the administrative act of docketing orders relating to his competency that were made publically available does not make out a cognizable claim. Indeed, where "the very purpose of the court-ordered examination and report is for use in the competency hearing and competency determination" there is no right to privacy in the psychological examination or the conclusions drawn from it. *Com. v. Rendick*, 47 Pa. D. & C.3d 5, 6 (Pa. Commw. Ct. 1987). Furthermore, even assuming, *arguendo*, that there was a right to privacy in such information, "HIPAA does not provide a private right of action to remedy HIPAA violations." *Polanco v. Omnicell, Inc.,* 988 F. Supp. 2d 451, 468 (D.N.J. 2013).

the protection from abuse order. (Doc. 17, at 1). Himchak also adamantly argues that these Judges engaged in a conspiracy with the District Attorneys prosecuting his underlying criminal cases. All of these claims concern the performance of these Defendants' judicial duties in handling Himchak's pre-trial hearings and other related court matters, and thus, are judicial in nature. *See Corliss v. O'Brien*, 200 F. App'x 80, 83 (3d Cir. 2006) ("[A] judge's decision not to recuse himself from a case in which he holds a personal interest is itself an exercise of judicial authority protected by the doctrine of absolute immunity."); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 551 (M.D. Pa. 2007) (finding judge entitled to absolute immunity from suit even though conduct alleged against judge included conspiracy to convince plaintiff to accept an unjust sentence because it occurred in context of his duties as a judge).

Moreover, in reviewing these allegations, it is clear that these Judges were performing judicial acts while exercising jurisdiction over Himchak's criminal and civil proceeding because 42 Pa.C.S. § 931(a) provides that "the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings." Given this broad grant of jurisdiction, it is beyond cavil that these Defendants' actions were not taken in the clear absence of their jurisdiction.

Accordingly, Himchak's claims against Judges Douglas Herman, Angela Krom, and Carol Van Horn are barred by the doctrine of judicial immunity.[8] *Brookhart v. Rohr,* 385 F.

---

[8] To the extent that Himchak seeks injunctive relief against these Judges, "claims for injunctive relief are likewise subject to the bar of judicial immunity." *Parry v. Westmoreland Cty.*, No. 10-1308, 2010 WL 5798101, at *3 (W.D. Pa. Nov. 9, 2010) *report and recommendation adopted*, No. CIV.A. 10-1308, 2011 WL 528743 (W.D. Pa. Feb. 8, 2011); *Corliss v. O'Brien*, No. CIV.A. 3:05CV0347, 2005 WL 2334792, at *2 (M.D. Pa. Sept. 23, 2005), *aff'd* 200 F. App'x 80 (3d Cir. 2006). The Federal Courts Improvement Act of 1996 (FCIA) amended 42 U.S.C. § 1983 to extend the reach of judicial immunity to injunctive relief as well as to damages, providing that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *Azubuko v. Saris*, 167 F. App'x. 317,

App'x. 67, 70 (3d Cir. 2010) ("Judges are absolutely immunized from a suit for money damages arising from their judicial acts.") (citations omitted).

> **2. Eleventh Amendment immunity bars suit for monetary damages against Judges Douglas Herman, Angela Krom & Carol Van Horn in their official capacities.**

To the extent Himchak's damages claims against Judges Douglas Herman, Angela Krom, and Carol Van Horn could be construed as claims against the courts themselves (as claims brought against the Judges in their official capacities), these claims must be dismissed with prejudice as barred by the Eleventh Amendment. *See, e.g., Benn v. First Judicial Dist.,* 426 F.3d 233, 241 (3d Cir. 2005). A suit against a state official in her official capacity is deemed a suit against the state. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). When a state official is sued in an official capacity, the United States Supreme Court has held that the real party in interest is the government entity of which the official is an agent. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). Plaintiff's official capacity suit against Judges Douglas Herman, Angela Krom, and Carol Van Horn is therefore a suit against the Court of Common Pleas of Franklin County, a state entity.

---

318 (3d Cir. 2006) (citing 42 U.S.C. § 1983); *see also Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000); *Kampfer v. Scullin*, 989 F. Supp. 194, 201 (N.D.N.Y. 1997). In this case, Himchak has not alleged a declaratory decree was violated or that declaratory relief is unavailable. Thus, to the extent Himchak seeks injunctive and/or declaratory relief from Judges Douglas Herman, Angela Krom, and Carol Van Horn, such relief is also barred by the doctrine of judicial immunity.

A state entity is entitled to Eleventh Amendment immunity.[9] The Eleventh Amendment to the United States Constitution acts as a bar to actions in federal court regarding suits against states, state agencies, and state officials acting within the scope of his or her official capacities, regardless of the type of relief sought. *Graham*, 473 U.S. at 165-67; *see also Pennhurst State Sch. and Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). Pennsylvania's court system is an entity of the Commonwealth of Pennsylvania. *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239-40 (3d Cir. 2005). Because Pennsylvania has not waived its Eleventh Amendment immunity, *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981), claims against the Court of Common Pleas of Franklin County are barred by the Eleventh Amendment. Thus, Himchak's claims seeking monetary relief from Judges Douglas Herman, Angela Krom, and Carol Van Horn in their official capacities are barred by the Eleventh Amendment and subject to dismissal.

### 3. District Attorney Matthew D. Fogal and Assistant District Attorney Zachary Mills are entitled to prosecutorial immunity.

Himchak also seeks to impose liability on District Attorney Matthew D. Fogal and Assistant District Attorney Zachary Mills arising from their prosecution of felony wiretapping charges against Himchak. (Doc. 17, at 1).[10]

---

[9] The Court of Common Pleas is a part of the Unified Judicial System of the Pennsylvania Judiciary and an instrumentality of the Commonwealth. 42 Pa. C.S.A. § 301(4). The Pennsylvania Constitution identifies all state courts as part of the Commonwealth. Pa. Const. Art. V §§ 1, 5, 6(c), 10(a).

[10] Specifically, Himchak asserts a Fourth Amendment malicious prosecution claim against these prosecutors. However, this claim lacks merit for the same reason that Himchak's Fourth Amendment malicious prosecution claim against Sargent Matthew Cody fails, as Himchak has failed to show favorable termination of his underlying criminal proceedings. Additionally, Himchak makes passing reference to a First Amendment violation arising from the failure of these prosecutors to provide Himchak with transcripts. However, assuming these prosecutors are properly named Defendants with respect to this claim, Himchak has failed to allege "'actual injury, such as the loss or rejection of a legal claim,' . . . as well as show that this lost or rejected claim is non-frivolous or arguable." *Saunders v. Phila. Dist. Attorney's Office*, 546 F.

It is well settled that prosecutors enjoy absolute immunity for those actions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976). To determine whether absolute prosecutorial immunity attaches, a court must ascertain "just what conduct forms the basis for the plaintiff's cause of action, and . . . then determine what function (prosecutorial, administrative, investigative, or something else entirely) that act served." *Zimmerman v. Corbett*, No. 1:13-CV-02788, 2015 WL 539783, at *6 (M.D. Pa. Feb. 10, 2015) (quoting *Schneyder v. Smith,* 653 F.3d 313, 332 (3d Cir. 2011)). "The decision to initiate a prosecution is at the core of a prosecutor's judicial role." *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992) (citations omitted).  Therefore, a prosecutor will enjoy absolute immunity for his actions on behalf of the state in preparing for, initiating, and prosecuting criminal charges, even when those charges are initiated maliciously, unreasonably, or without probable cause. *See  Rose v. Bartle*, 871 F.2d 331, 347 n.12 (3d Cir. 1989);

*Joseph v. Patterson,* 795 F.2d 549, 557 (6th Cir. 1986), *cert. denied,* 481 U.S. 1023 (1987). While a rule of absolute prosecutorial immunity may "leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty," the potential harm to a "falsely-charged defendant is remedied by safeguards built into the judicial system—probable cause hearings, dismissal of the charges—and into the state codes of professional responsibility." *Imbler*, 424 U.S. at 427; *Kulwicki*, 969 F.2d at 1464.

The principal allegations here concern the prosecutorial Defendants' decision to pursue felony wiretapping charges against Himchak. Specifically, Himchak contends that District

---

App'x 68, 72 (3d Cir. 2013) (citing *Oliver v. Fauver,* 118 F.3d 175, 177 (3d Cir.1997); *Monroe v. Beard,* 536 F.3d 198, 205 (3d Cir.2008) (per curiam)).

Attorney Matthew D. Fogal and Assistant District Attorney Zachary Mills engaged in "vexatious malicious prosecution" by charging him with wiretapping a county government official. However, the conduct at issue in this amended complaint—the exercise of prosecutorial discretion in initiating wiretap charges—is indisputably a traditional prosecutorial function intimately associated with the judicial phase of the criminal process. *Radocesky v. Munley,* 247 F. App'x 363, 365 (3d Cir. 2007) ("The decision whether or not to initiate or prosecute a case is completely discretionary with prosecutors and also is absolutely immunized from a suit for damages."). Therefore, the Court will exercise its authority under 28 U.S.C. § 1915(e)(2)(B)(iii) and recommend *sua sponte* dismissal of all claims against District Attorney Matthew D. Fogal and Assistant District Attorney Zachary Mills, as these prosecutors are absolutely immunized from suit. *Martinez v. Jones,* No. 3:CV-12-1547, 2014 WL 1203778, at *6 (M.D. Pa. Mar. 24, 2014).

### F.   LEAVE TO AMEND

The Third Circuit has acknowledged that a district court has "substantial leeway in deciding whether to grant leave to amend." *Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir.2000). "Denial of leave to amend a complaint is especially appropriate where a party has already been given the opportunity to amend the complaint." *In re Avandia Mktg., Sales Practices & Products Liab. Litig.,* 564 F. App'x 672, 673 (3d Cir. 2014)(citing *Lake,* 232 F.3d at 373("[W]e are inclined to give the District Court even broader discretion when, as here, the court has already granted the requesting party an opportunity to amend its complaint."). Here, this Court has, on a number of occasions, afforded Himchak an opportunity to file an amended complaint that conforms with the Federal Rules of Civil Procedure, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in furtherance of granting Himchak

leave to amend, has provided Himchak with clear directions as to what must be included in a properly filed amended complaint. Moreover, the Court advised Himchak of the consequences of failing to file a properly supported amended complaint. Despite the Court's repeated indulgence of alerting Himchak to the deficiencies in his pleadings and granting him leave to amend, Himchak has failed to cure the complaint's pleading deficiencies. Indeed, his claims have been tested by an adverse party and found lacking. Thus, the Court finds that permitting Himchak leave to amend his complaint for a third time would be futile. Accordingly, it is respectfully recommended that Himchak not be granted any further leave to amend his complaint.

### G. PETITION FOR WRIT OF MANDAMUS

Himchak has also recently filed a number of motions seeking mandamus relief. Specifically, the Court is presented with a motion entitled "Writ of Mandamus" (Doc. 27), and a motion seeking "immediate action" in the form of a "hearing" on the "Writ of Mandamus." (Doc. 29). These motions, like all of Himchak's motion papers, are difficult to decipher. However, it appears that, through these motions, Himchak seeks a court order directing the Franklin County Court of Common Pleas to release him from incarceration and to vacate his underlying criminal cases. The Court treats these papers filed by Himchak as a request of the district court to issue a writ of mandamus compelling action by a state official.

A writ of mandamus is a drastic remedy available in only extraordinary circumstances. *In re Diet Drugs Prods. Liab. Litig.,* 418 F.3d 372, 378 (3d Cir. 2005). "Generally, mandamus is a means to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *In re Prelle*, 616 F. App'x 52, 52 (3d Cir. 2015) (citations and internal quotations omitted). Under 28 U.S.C. § 1361, a federal district

court is granted "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Indeed, it is well settled that a court may consider a petition for mandamus only if the action involves subject matter that may at some time come within this Court's appellate jurisdiction. *In re Stitt*, 598 F. App'x 810, 811 (3d Cir. 2015) (citing *United States v. Christian,* 660 F.2d 892, 894–95 (3d Cir.1981)).

Here, Himchak "does not allege any act or omission by a District Court within this Circuit over which [this Court] might exercise authority by way of mandamus. Nor does he allege any act or omission by a federal officer, employee, or agency that a District Court may have mandamus jurisdiction to address in the first instance." *In re Stitt*, 598 F. App'x at 811 (citing 28 U.S.C. § 1361). Rather, Himchak requests that this Court order a state court to vacate his criminal charges and release him from incarceration. Under § 1361, this Court lacks the authority to direct a state agency or officer to perform its duties in accordance with Himchak's wishes. *In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam); *see also In re Woodall*, 578 F. App'x 73, 74 (3d Cir. 2014) (per curiam); *May v. Justices*, No. 1:07cv413, 2007 WL 5040682, at *1 (E.D. Va. May 1, 2007).

Accordingly, because the Court lacks jurisdiction to grant the relief Himchak requests, it is recommended that these motions (Doc. 27; Doc. 29), be denied.

## H.  MOTION FOR EMERGENCY INJUNCTIVE RELIEF

As a final matter, Himchak has filed a document entitled "Emergency Motion Injunctive Relief." (Doc. 24). This incomprehensible filing, styled as a "motion," actually appears to be a copy of a motion filed in Himchak's underlying criminal cases, as Himchak does not address the motion to this Court, nor references the appropriate case number for this action. Indeed,  it

seems this filing serves to merely place the Court on notice that Himchak has filed an emergency writ of habeas corpus in his underlying criminal cases and to raise with the Court instances of misconduct taking place in his underlying criminal proceedings. (Doc. 24). The Court's characterization of this motion paper is further supported by the fact that Plaintiff has not requested that this Court intervene to provide him with any form of injunctive relief as suggested by the title of the "motion." Therefore, as Plaintiff does not seek any substantive relief, the Court construes this filing as a notice and accordingly recommends that this "motion" (Doc. 24), be denied.[11]

## IV.   RECOMMENDATION

Based on the foregoing, it is recommended that:

1. Defendants' motion to dismiss (Doc. 18), be **GRANTED**;

2. Plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)

3. Plaintiff's claims against Judges Douglas Herman, Angela Krom, and Carol Van Horn be **DISMISSED with prejudice** as barred by the doctrines of absolute judicial immunity and Eleventh Amendment immunity;

4. Plaintiff's claims against District Attorney Matthew D. Fogal and Assistant District Attorney Zachary Mills be **DISMISSED with prejudice** as barred by the doctrine of absolute prosecutorial immunity;

5. Plaintiff's claims asserted under the Universal Declaration of Human Rights be **DISMISSED with prejudice**;

6. Plaintiff's claims under the RICO Act, 18 U.S.C. § 1957, be **DISMISSED with prejudice;**

7. All claims brought under 42 U.S.C. § 1983 against non-state actors David R.

---

[11] To the extent Himchak wishes to set forth additional claims arising out of new conduct that occurred after this action commenced, he must submit a motion for leave to file a supplemental complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Alternatively, if Himchak seeks preliminary injunctive relief, he must file a motion pursuant to Rule 65 of the Federal Rules of Civil Procedure.

Erhard, Steve Rice, and Meghann O'Reilly Karasic be **DISMISSED with prejudice**;

8. Plaintiff's claims against Police Chief David Arnold be **DISMISSED with prejudice** for lack of personal involvement;

9. Plaintiff's Fourth Amendment claims against Sargent Matthew Cody be **DISMISSED with prejudice** for failure to state a claim;

10. The Clerk's office be directed to remove and dismiss Daniel Dye, Craig Bowman, Robert Johnson, Michael Toms, Scott Thomas, Todd Sponseller, Todd R. Williams, David L. Plum, Larry G. Pentz, Gerard N. Mangieri, Mallary Willatt, the Public Opinion Newspaper, the Franklin County Court of Common Pleas, and the Pennsylvania State Police from the caption and action;

11. Plaintiff's motion for a writ of mandamus (Doc. 27), and motion for a hearing on the motion for a writ of mandamus (Doc. 29), be **DENIED**;

12. Plaintiff's motion for emergency injunctive relief (Doc. 24), be **DENIED**;

13. The Clerk be directed to **CLOSE** this case.

**BY THE COURT:**

Dated: April 8, 2016

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM A. HIMCHAK, III,

        Plaintiff,

     v.

DANIEL DYE, et al.,

        Defendants.

CIVIL ACTION NO. 1:14-CV-2394

(KANE, J.)
(MEHALCHICK, M.J.)

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 8, 2016**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: April 8, 2016

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**